**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **AMALIA CASARZE, INDIVIDUALLY,** | § | |
| **AND AS REPRESENTATIVE OF** | § | |
| **THE ESTATE OF MARGARITA** | § | |
| **SAAVEDRA, JOSE SAAVEDRA, AND** | § | |
| **CRYSTAL GARCIA** | § | |
| *Plaintiffs,* | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. _____** |
| | § | |
| **HARRIS COUNTY, TEXAS** | § | |
| **AND NURSE MARLENE ORTA** | § | **JURY DEMAND** |
| *Defendants.* | § | |

**INDEX OF MATTERS FILED UPON REMOVAL**

The following documents appear in the file of the case styled *Amalia Casarze, Individually and as Representative of the Estate of Margarita Saavedra, Jose Saavedra and Crystal Garcia v. Harris County, et al.,* Cause No. 2009-50135 in the 113th Judicial District Court of Harris County, Texas, certified copies of which are attached:

1. Plaintiffs' Original Petition & Request for Disclosure
2. Plaintiffs' transmittal letter
3. Civil Process Request
4. Civil Case Information Sheet
5. Executed citation return on Harris County, Texas
6. Executed citation return on Nurse Marlene Orta
7. Docket Sheet

Respectfully submitted,

**/S/ Edward J. Mahar**

OF COUNSEL:                         EDWARD J. MAHAR

VINCE RYAN                           Assistant County Attorney

HARRIS COUNTY ATTORNEY      Federal I.D. No. 7269

State Bar No. 12832500

1019 Congress, 15th Floor

Houston, Texas 77002

Telephone: (713) 755-7184

Facsimile:  (713) 755-8924

ed.mahar@cao.hctx.net

ATTORNEY FOR DEFENDANT
HARRIS COUNTY, TEXAS

**/S/ Mary E. Baker**

MARY E. BAKER

Assistant County Attorney

Federal I.D. No. 7647

State Bar No. 08534000

1019 Congress, 15th Floor

Houston, Texas 77002

Telephone:  (713) 755-7166

Facsimile:  (713) 755-8924

mary.baker@cao.hctx.net

ATTORNEY FOR DEFENDANT
NURSE MARLENE ORTA

## CERTIFICATE OF SERVICE

I hereby certify that on August 28, 2009, a true and correct copy of the foregoing **INDEX OF MATTERS FILED UPON REMOVAL** was served via electronic notice and/or certified mail, return receipt requested to:

Randall O. Sorrels
Brant J. Stogner
ABRAHAM, WATKINS, NICHOLS, SORRELS,
AGOSTO & FRIEND
800 Commerce St.
Houston, Texas  77002-1776


**/S/  Mary E. Baker**
MARY E. BAKER
Assistant County Attorney

P13

NO.**2009 - 50135**

For Official Governmental Use Only - Do Not Disseminate to the Public: 42971078 - Page 1 of 13

| | |
|---|---|
| AMALIA CASARZE, INDIVIDUALLY, §<br>AND AS REPRESENTATIVE OF §<br>THE ESTATE OF MARGARITA §<br>SAAVEDRA, JOSE SAAVEDRA, AND §<br>CRYSTAL GARCIA §<br> §<br>Plaintiffs, §<br> §<br>vs. §<br> §<br> §<br>HARRIS COUNTY, TEXAS, §<br>AND NURSE MARLENE ORTA §<br> §<br>Defendants, § | IN THE DISTRICT COURT OF<br><br><br><br>HARRIS COUNTY, T E X A S<br><br><br>113 JUDICIAL DISTRICT |



## PLAINTIFFS' ORIGINAL PETITION & REQUESTS FOR DISCLOSURE

Amalia Casarze, Individually, and as Representative of the Estate of Margarita Saavedra, Jose Saavedra, and Crystal Garcia, hereinafter called Plaintiffs, complaining of and about Harris County, Texas and Nurse Marlene Orta, hereinafter called Defendants, and for cause of action would show unto the Court the following:

### A. Discovery Control Plan

1.1     Pursuant to Rule 190.4 of the Texas Rules of Civil Procedure, Plaintiffs file this petition under a Level III Discovery Control Plan.

### B. Parties

2.1     Plaintiff Amalia Casarze is the daughter of Margarita Saavedra (hereinafter referred to as "Decedent"). Plaintiff Amalia Casarze is a resident of Harris County, Texas and brings this wrongful death and survival action for the loss of her mother.

**Plaintiffs' Original Petition & Requests for Disclosure**
**Page 1**

2.2     Plaintiff Jose Saavedra is Decedent's son.  Plaintiff Jose Saavedra is a resident of Jefferson County, Texas and brings this wrongful death action for the loss of his mother.

2.3     Plaintiff Crystal Garcia is Decedent's daughter. Plaintiff Crystal Garcia is a resident of Jefferson County, Texas and brings this wrongful death action for the loss of her mother.

2.4     Defendant Harris County, Texas is a political subdivision of the State of Texas. Harris County is a county organized under the Constitution and laws of the State of Texas, and pursuant to law, is subject to suit and the jurisdiction of this Court.  The Defendant Harris County is responsible for the policies, practices, procedures, regulations, and customs of its Sheriff.  Harris County is also responsible for the operation, practices, procedures, and totality of conditions of the Harris County Jail facility, and is charged by state law with furnishing a safe and suitable jail. Defendant Harris County, Texas, may be served with process by serving the County Judge of said Harris County, Texas. Ed Emmett, 1001 Preston, Suite 911, Houston, Texas  77002, or by serving its attorney, Vince Ryan, 1019 Congress, 15th Floor, Houston, Texas  77002.  Service of said Defendant as described above can be effected by personal delivery.

2.5     Defendant Nurse Marlene Orta is an individual and is a medical provider employed by the Health Services Bureau for the Harris County, Texas Jail located at 1200 Baker Street, Houston, Texas 77002.  Service of said Defendant at her place of employment can be effected by personal delivery.

### C.  Misnomer/alter ego

3.1     In the event any parties are misnamed or are not included herein, it is Plaintiffs'

For Official Governmental Use Only - Do Not Disseminate to the Public: 42971078 - Page 2 of 13

For Official Governmental Use Only - Do Not Disseminate to the Public: 42971078 - Page 3 of 13

contention that such was a "misidentification", "misnomer" and/or such parties are/were "alter egos" of parties named herein.

## D. Jurisdiction

4.1    The Court has jurisdiction of the subject matter of this lawsuit and the amount in controversy is within the minimum jurisdictional limits of this Honorable Court.

4.2    The Court has jurisdiction over the parties because Defendants are Texas residents.

## E. Venue

5.1    Venue is proper in Harris County, Texas under §15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to the claim made the basis of this lawsuit occurred in Harris County, Texas.

5.2    Venue is also proper in Harris County, Texas under §15.002(a)(2) of the Texas Civil Practice and Remedies Code because Harris County, Texas is the county of the residence of one or more Defendants at the time the cause of action made the basis of this lawsuit accrued.

## F. Facts

6.1    At all times material hereto, Decedent, Margarita Saavedra, was in the custody, care, and control of the Harris County Sheriff's Department and the Health Services Bureau of Harris County Jail. Decedent was a pretrial detainee.

6.2    On or about September 12, 2007, Decedent was arrested by agents of the Harris County Sheriff's Department. Decedent was subsequently transported to the Harris County Jail at 1200 Baker Street in Houston, Harris County, Texas 77002. The Defendants' records indicate that,

**Plaintiffs' Original Petition & Requests for Disclosure**
**Page 3**

For Official Governmental Use Only - Do Not Disseminate to the Public: 42971078 - Page 4 of 13

upon arrival to the Harris County Jail, Decedent informed Defendants of her medical conditions, which included diabetes mellitus.   Decedent also informed Defendants of her prior knee reconstruction and medical hardware in her left knee.   In early January of 2008, while in the custody, care, and control of Defendants, Decedent experienced significant pain in her left knee.   Decedent requested medical attention and to be taken to the hospital.   After several days of complaining of pain in her left knee, breathing problems, fevers, nausea, voiding problems, altered mental state, and begging for medical treatment, Decedent died while in the custody, care, and control of Defendants on January 12, 2008.   Autopsy records show that Decedent's cause of death was sepsis due to disseminated Staphylococcus aureus bacterial infection of the left knee.   As the autopsy report confirms, Decedent suffered a slow and agonizing death due to Defendants' deliberate indifference, Constitutional violations,  negligence, neglect, gross negligence, and wanton disregard.

6.3    Decedent's records from the pretrial detention indicate that Decedent made many requests for medical attention related to the pain in her left knee and the resulting fevers, nausea, chills, voiding problems, altered mental state, and breathing problems.   The records also show that several jailers at the Harris County Jail noticed Decedent's deteriorating health and attempted to get Decedent the necessary medical attention from the Harris County Clinic or from a hospital.   However, even the attempts by Harris County jailers to have Decedent treated were ignored, disbelieved, or intentionally disregarded.   As the records show, Decedent even told Defendants that she believed there to be an infection in her left knee and that she needed to get medical attention immediately due to her symptoms.   Decedent's repeated requests for medical treatment were ignored, as Defendants told Decedent and her cell mates that Decedent was "faking her injuries" and pain.   Decedent's

**Plaintiffs' Original Petition & Requests for Disclosure**
**Page 4**

constant cries for medical attention were ignored for days.  Further, other inmates expressed

Decedent's need for healthcare to Defendants, as did Plaintiffs and Decedent's criminal defense

attorney, who wrote a letter on January 9, 2008 regarding the same. In addition, Decedent's family

members sought to have Decedent properly treated prior to her death, because Decedent and her cell

mates repeatedly called Decedent's family members regarding the lack of treatment and the worsening

of Decedent's condition.  Further, on January 6, 2008, one of Defendants' own physicians, Dr. Jo

Anna Gutierrez, requested a consultation for Decedent by an "ortho" and requested several tests be

performed on Decedent due to the knee pain and other symptoms.

   6.4  Plaintiffs state that Defendant's acts and omissions were the proximate cause of

Decedent's death.  Decedent's own conduct did not cause or contribute to her death in any way, and

but for the deliberate indifference, negligence, and gross negligence of the Defendants, Decedent

would not have died.  It was the perpetual and persistent denial and delay of medical treatment and

care that caused Decedent's death while in custody.

   6.5  Defendants, by and through its deputies, jailers and other persons employed by Harris

County; and, certain other unknown and unidentified persons acting as physicians and/or medical

providers on behalf of Defendants, exhibited deliberate indifference to Decedent's serious medical

needs during her detention.  The United States Supreme Court has held that "a governmental entity's

duty to provide medical care to inmates is constitutionally mandated." *West v. Atkins*, 487 U.S. 42,

56, 108 S.Ct. 2250, 2259, 101 L.Ed.2d 40 (1988).

   6.6  During the time of the Decedent's detention, Defendants, as well as other persons

employed by Defendants, were acting under the color of the laws and regulations of the State of

**Plaintiffs' Original Petition & Requests for Disclosure**
**Page 5**

For Official Governmental Use Only - Do Not Disseminate to the Public: 42971078 - Page 5 of 13

Texas. Defendants had certain policies, and customs in place, or a lack thereof, that enabled it, its agents, and employees to act with deliberate and/or wanton indifference to the constitutional rights of the Decedent. Decedent's death resulted from a wide ranging policy of indifference that Defendants adopted, or of which Defendants were constructively aware. Such indifference was so common and well settled as to constitute a custom that fairly represents the Defendants' policy. Additionally, Defendants did not meet the standard of care for medical providers, which was also a proximate cause of Decedent's untimely death.

### G. Survival Claim for Personal Injuries to Decedent

7.1     This claim for damages resulting from the death of Decedent is brought by Amalia Casarze, as Representative of the Estate of Margarita Saavedra ("Decedent"). There are no debts owing to the estate and an administration of the estate is not necessary. This claim is based upon the facts and legal theories more fully set out herein.

7.2     Any person required to be a named Plaintiff in this lawsuit to collect damages under Section 71.021, Texas Civil Practice & Remedies Code, is a named Plaintiff. Plaintiffs bring this survival action pursuant to Texas Civil Practice & Remedies Code, Section 71.021, because of the personal injuries suffered by Decedent, which caused her death, based upon the facts and legal theories more fully set out herein.

7.3     Plaintiff, Amalia Casarze, seeks damages for the conscious pain and suffering and mental anguish that Decedent suffered prior to her death and for the reasonable and necessary medical, funeral and burial expenses and any other remedies pursuant to §71.021, et seq. of the Texas Civil Practices & Remedies Code, also known as the Survival Statute.

**Plaintiffs' Original Petition & Requests for Disclosure**
**Page 6**

For Official Governmental Use Only - Do Not Disseminate to the Public: 42971078 - Page 6 of 13

## H. Wrongful Death

8.1     This claim for damages resulting from the wrongful death of Decedent is brought by Amalia Casarze, Jose Saavedra, and Crystal Garcia, Decedent's children, pursuant to Texas Civil Practice & Remedies Code, 71.001 et. seq.  Jose Saavedra, Amalia Casarze, and Crystal Garcia are the sole surviving heirs of Decedent and, thus, are within the class of persons entitled to bring an action for wrongful death pursuant to §71.001, et seq., of the Texas Civil Practices & Remedies Code, also known as the Wrongful Death Statute. This claim is based upon the facts and legal theories more fully set out herein.

8.2     Jose Saavedra, Amalia Casarze, and Crystal Garcia also seek all remedies available under the Wrongful Death Statute.

## I.  Violation of Constitutional Rights - 42 U.S.C. 1983

9.1     During Decedent's detention, Defendants' deliberately indifferent conduct violated the Decedent's Fourteenth Amendment rights, which are clearly established under the United States Constitution.

9.2     During Decedent's detention, Defendants' deliberately indifferent conduct violated the Decedent's Eighth Amendment rights, which are also clearly established under the United States Constitution.

9.3     Alternatively, because Decedent was never adjudicated "guilty" of the criminal offense for which she was detained, she was entitled to protection from any and all deliberately indifferent

**Plaintiffs' Original Petition & Requests for Disclosure**
**Page 7**

For Official Governmental Use Only - Do Not Disseminate to the Public: 42971078 - Page 7 of 13

conduct, and/or treatment, from persons employed by Defendants acting under color of state law, by virtue of the Fourteenth Amendment.

9.4    The persons working in the capacity of medical providers, by and through Defendants, exhibited deliberately indifferent conduct by and through Defendants' policies and/or customs. The implementation of Defendants' policies and customs caused the violations of the Decedent's rights, which are guaranteed pursuant to the Eighth and Fourteenth Amendments to the United States Constitution. These persons working as medical providers were acting under the color of state law when they continuously and consistently delayed and denied Decedent's necessary medical care and treatment. Additionally, these persons were acting in accordance with Defendants' policies and customs, by and through their policymakers, when the Decedent's medical treatment and care was delayed and/or denied.

9.5    Defendants were acting under the color of state law when they continuously and consistently delayed and denied the Decedent the necessary medical care and treatment, which resulted in her untimely death. Further, Defendants acted with deliberate indifference, or with reckless disregard for Decedent's aforementioned constitutional rights, by and through their policies, or lack thereof, and customs. Defendants' conduct resulted in the Decedent's prolonged pain, suffering, and eventual death, in violation of the Eighth and Fourteenth Amendments to the United States Constitution.

9.6    Defendants, by and through its policy makers, have certain policies, or lack thereof, and customs, in place that enables, requires, and/or allows its employees, agents, and personnel to oversee the medical needs of those persons that it detains, such as Decedent. As a result of these

**Plaintiffs' Original Petition & Requests for Disclosure**
**Page 8**

For Official Governmental Use Only - Do Not Disseminate to the Public: 42971078 - Page 8 of 13

policies and customs, the Decedent's constitutional rights, guaranteed to her pursuant to the Eighth and Fourteenth Amendments, and enacted by the same, were violated.

9.7    The persons employed by Defendants were acting under the color of state law when they continuously and consistently delayed and/or denied the Decedent necessary medical care and treatment. Further, these persons, employed by Defendants, acted with deliberate indifference to the Decedent's serious medical needs and her aforementioned constitutional rights; and, said conduct resulted in the Decedent's prolonged pain, suffering, mental anguish, and eventual death.

### J. Negligence

10.1    Plaintiffs also allege that Defendants, acting through its employees and agents, violated the duty of care it owed to Decedent. Defendants owed a duty to exercise that degree of care, skill, supervision, and diligence ordinarily possessed and used by other health care providers similarly situated, clinics, nurses, and physicians under the same or similar circumstances.

10.2    Defendants were negligent in the following respects and particulars, among others:

A.    In failing to properly perform the medical treatment necessary to Decedent's welfare according to the standards set by the medical profession;

B.    By failing to recognize and/or acknowledge Decedent's symptoms that resulted from its treatment and/or lack of treatment of Decedent.

C.    By failing to transport Decedent to an outside medical facility, when the Defendants knew, or should have known, that their skills, knowledge or facilities were inadequate to properly treat Decedent, under the circumstances

**Plaintiffs' Original Petition & Requests for Disclosure**
**Page 9**

For Official Governmental Use Only - Do Not Disseminate to the Public: 42971078 - Page 9 of 13

For Official Governmental Use Only - Do Not Disseminate to the Public: 42971078 - Page 10 of 13

as they then existed;

D.    By failing to adhere to the acceptable standards of care of patients in the nursing profession by failing to properly observe significant changes in Decedent's condition and alert a physician; by failing to properly assess Decedent's needs and evaluate the medical condition of Decedent; by failing to implement a proper course of nursing care based on the existing condition of Decedent; by failing to document a significant change in Decedent's symptoms on the medical chart; by failing to recognize the lack of efficacy in the treatment that was provided, if any, to Decedent by Defendants; by failing to competently have Decedent treated for her serious and life threatening condition while in Defendants' custody;

E.    By failing to listen to Decedent, her friends, her family, and other Defendants' employees', consistent and repeated calls for medical attention for Decedent;

F.    By failing to treat Decedent because Decedent could not walk to the clinic;

G.    By ignoring Decedent's, and others', repeated oral and written requests for medical attention;

H.    By failing to provide Decedent with her necessary medications while in custody, despite Decedent's multiple requests for same;

I.    By failing to have Decedent assessed and tested by a specialist, despite Defendants' own records that indicate such referral and testing was recommended and requested by Defendants' own physician or medical care

**Plaintiffs' Original Petition & Requests for Disclosure**
**Page 10**

provider, Jo Anna Gutierrez;

10.3    Defendants owed Decedent the duty to provide such proper care and protection.  In the exercise of that duty, Defendants were required to provide such reasonable medical care as Decedent's condition required, or that Defendants should have known was required.  Defendants, by and through their agents and employees,  breached that duty and such breach proximately caused Decedent's untimely and agonizing death.  Defendants were negligent and grossly negligent.

### K.  Exemplary Damages

11.1    Defendants' acts or omissions described above, when viewed from the standpoint of Defendants' at the time of the acts and omissions, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiffs, Decedent,  and others.  Defendants had actual, subjective awareness of the risk involved in the above described acts and omissions, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiffs, Decedent, and others.  Accordingly, Plaintiffs request that exemplary damages be assessed against Defendants.

### L.  Attorney Fees

12.1    It was necessary for Plaintiffs to hire the undersigned attorneys to file this lawsuit. Upon judgment, the Plaintiffs are eligible and entitled to an award of attorney fees and costs under 42 U.S.C. § 1988.

### M.  Notice & Conditions Precedent

13.1    All notice requirements and conditions precedent have been performed or have

**Plaintiffs' Original Petition & Requests for Disclosure**
**Page 11**

For Official Governmental Use Only - Do Not Disseminate to the Public: 42971078 - Page 11 of 13

occurred.

### N.  Request for Disclosure

14.1     Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendants are each requested to disclose, within fifty (50) days of service of this request, the information or material described in Rule 194.2.

### O.  Prayer

WHEREFORE, Plaintiffs pray that Defendants be duly cited to appear and answer herein, and that upon a final trial of this cause of action, Plaintiffs recover:

(a)     judgment against the Defendants for Plaintiffs' actual damages as set forth above, in an amount within the jurisdictional limits of this Court;

(b)     pre-judgment and post-judgment interest as provided by law;

(c)     costs of court;

(d)     exemplary damages;

(e)     attorney fees;

(f)     such other and further relief to which Plaintiffs may be entitled.

**Plaintiffs' Original Petition & Requests for Disclosure**
**Page 12**

For Official Governmental Use Only - Do Not Disseminate to the Public: 42971078 - Page 12 of 13

Respectfully submitted,

**ABRAHAM, WATKINS, NICHOLS,
SORRELS, AGOSTO & FRIEND**

By: *[signature]*
_____
Randall O. Sorrels
Texas Bar Number: 18855350
Brant J. Stogner
Texas Bar Number: 24038389
800 Commerce Street
Houston Texas  77002-1776
(713) 222-7211 Telephone
(713) 225-0827 Facsimile

**ATTORNEYS FOR PLAINTIFFS**

For Official Governmental Use Only - Do Not Disseminate to the Public: 42971078 - Page 13 of 13

**Plaintiffs' Original Petition & Requests for Disclosure**
Page 13



I, Loren Jackson, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date
Witness my official hand and seal of office
this  August 25, 2009

Certified Document Number:　42971078 Total Pages:  13

LOREN JACKSON, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

P-2

LAW OFFICES

## ABRAHAM, WATKINS, NICHOLS
## SORRELS & FRIEND

NICK C. NICHOLS, P.C.
RANDALL O. SORRELS, P.C.*†
BENNY AGOSTO, JR. *

CLYDE J. "JAY" JACKSON, III *
DANIEL D. HOROWITZ, III *
MUHAMMAD S. AZIZ
JOHNNY N. GARZA, JR.
CHELSIE KING GARZA
BRANT J. STOGNER

FRANK J. BATTAGLIA, M.D., J.D.
MEDICAL DIRECTOR

800 COMMERCE STREET
HOUSTON, TEXAS 77002-1776

(713) 222-7211
FAX (713) 225-0827
1-800-870-9584
www.abrahamwatkins.com

DALE FRIEND
RETIRED PARTNER

FRANK T. ABRAHAM
(1924 - 2004)

W.W. WATKINS
(1920 - 1987)

* BOARD CERTIFIED: PERSONAL INJURY TRIAL
LAW, TEXAS BOARD OF LEGAL SPECIALIZATION

† BOARD CERTIFIED: CIVIL TRIAL LAW,
TEXAS BOARD OF LEGAL SPECIALIZATION

August 6, 2009

Mr. Loren Jackson
District Clerk
201 Caroline
Houston, Texas 77002

2009-50135
2009-50135

Re:   Cause No. _____; Amalia Casaraz, individually, and as
representative of the Estate of Margarita Saavedra, Jose Saavedra, and
Crystal Garcia vs. Harris County, Texas and Nurse Marlene Orta; In the
District Court of Harris County, Texas; 113 Judicial District

Dear Mr. Jackson:

Enclosed please find in the above-referenced matter the following:

1.   **Plaintiffs' Original Petition & Requests for Disclosure;**

2.   **Civil Case Information Sheet; and**

3.   **Civil Process Request.**

Please issue citations on the Defendants as follows:

**Harris County, Texas
By and through
Ed Emmett
County Judge of Harris County
1001 Preston, Suite 911
Houston, Texas 77002**

For Official Governmental Use Only - Do Not Disseminate to the Public: 43000440 - Page 1 of 2

**Nurse Marlene Orta**
**1200 Baker Street**
**Houston, Texas 77002**

Please place the issued citations in our private civil process server Court Record Research's box for service on defendant. We have also enclosed our firm check in the amount of $274.00 to cover costs of filing fee for Plaintiffs' Original Petition, citation fee , and jury fee. Please process in your usual manner and return a filed stamped copy of these instruments to our courier for our files. Thank you for your assistance in this matter.

Very truly yours,

Brant J. Stogner

BJS:lb
Enclosures (as stated)

For Official Governmental Use Only - Do Not Disseminate to the Public: 43000440 - Page 2 of 2



I, Loren Jackson, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date
Witness my official hand and seal of office
this  August 25, 2009

Certified Document Number:    43000440 Total Pages: 2

LOREN JACKSON, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

2009-50135

**CIVIL PROCESS REQUEST**

| FOR EACH PARTY SERVED YOU MUST FURNISH ONE (1) COPY OF THE PLEADING |
| FOR WRITS FURNISH TWO (2) COPIES OF THE PLEADING PER PARTY TO BE SERVED |

**CASE NUMBER:** 2 0 0 9 - 5 0 1 3 5     **CURRENT COURT:** 113

**TYPE OF INSTRUMENT TO BE SERVED** (See Reverse For Types): _____

**FILE DATE OF MOTION:** _____ 08-06-2009
                               Month/    Day/    Year

**SERVICE TO BE ISSUED ON** (Please List Exactly As The Name Appears In The Pleading To Be Served):

1.  NAME: _Nurse Marleng Upta_
    ADDRESS: _1200 Baker St., Houston, Tx 77002_
    AGENT, (if applicable): _____

**TYPE OF SERVICE/PROCESS TO BE ISSUED** (see reverse for specific type): _____

  **SERVICE BY** (check one):
    ☐ **ATTORNEY PICK-UP**        ☐ **CONSTABLE**
    ☐ **CIVIL PROCESS SERVER** - Authorized Person to Pick-up: _____ Phone: _____
    ☐ **MAIL**                  ☐ **CERTIFIED MAIL**
    ☐ **PUBLICATION:**
        Type of Publication:  ☐ **COURTHOUSE DOOR, or**
                        ☐ **NEWSPAPER OF YOUR CHOICE:**
    ☐ **OTHER,** explain _____

*(stamp: LOREN JACKSON DISTRICT CLERK HARRIS COUNTY, TEXAS 09 AUG -6 AM 10: 27)*

\*\*\*\*

2.  NAME: _Harris County, Texas by and through Ed Emmett/County Judge of Harris County_
    ADDRESS: _1001 Preston, Ste 911, Houston, Tx 7700~_
    AGENT, (if applicable): _____

**TYPE OF SERVICE/PROCESS TO BE ISSUED** (see reverse for specific type): _____

  **SERVICE BY** (check one):
    ☐ **ATTORNEY PICK-UP**        ☐ **CONSTABLE**
    ☑ **CIVIL PROCESS SERVER** - Authorized Person to Pick-up: _Court Record Research_ Phone: _713 227-3353_
    ☐ **MAIL**                  ☐ **CERTIFIED MAIL**
    ☐ **PUBLICATION:**
        Type of Publication:  ☐ **COURTHOUSE DOOR, or**
                        ☐ **NEWSPAPER OF YOUR CHOICE:**
    ☐ **OTHER,** explain _____

**ATTORNEY (OR ATTORNEY'S AGENT) REQUESTING SERVICE:**

NAME: _____    TEXAS BAR NO./ID NO. _____

MAILING ADDRESS: _____

PHONE NUMBER: _____ _____    FAX NUMBER. _____ _____
        area code    phone number               area code    fax number

EMAIL ADDRESS: _____

Page 1 of 2

CIVCI09 Revised 9/3/09

For Official Governmental Use Only - Do Not Disseminate to the Public: 43000439 - Page 1 of 1



I, Loren Jackson, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date
Witness my official hand and seal of office
this  August 25, 2009

Certified Document Number:    43000439 Total Pages: 1

LOREN JACKSON, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

2009-50135
2 0 0 9 - 5 0 1 3 5

Cause No. _____

Amalia Casarze, individually, and as
representative of the estate of Margarita Saavedra,
Jose Saavedra, and Crystal Garcia  **Plaintiff**

Harris County, Texas, and nurse Marlene Orta
**Defendant**

§
§
§
§
§

IN THE DISTRICT COURT OF

HARRIS    COUNTY, TEXAS

113    JUDICIAL DISTRICT

## CIVIL CASE INFORMATION SHEET

This form must be completed and filed with every original petition, and a copy attached to every original petition served. The information should be the best available at the time of filing, understanding that such information may change before trial. This information does not constitute a discovery request, response, or supplementation, and is not admissible at trial.

Service must be obtained promptly. Notice is hereby given that, per Harris County Local Rule 3.6, any case in which no answer has been filed or default judgment signed FOUR (4) MONTHS from filing will be eligible for DISMISSAL FOR WANT OF PROSECUTION.

Type of action:    ☐ Commercial    ☐ Personal Injury    ☑ Death    ☐ Other

Check all claims pled:

| | | | |
|---|---|---|---|
| ☐ Account due | ☐ Defamation | ☐ Fraud | ☐ Products liability |
| ☐ Admiralty | ☐ Disbarment | ☐ Garnishment | ☐ Post judgment |
| ☐ Assault | ☐ Discrimination | ☐ Injunction/TRO | ☐ Railroad |
| ☐ Asbestosis | ☐ Dram shop | ☐ Insurance bad faith | ☐ Real estate |
| ☐ Auto | ☐ DTPA | ☐ Malicious prosecution | ☐ Securities fraud |
| ☐ Bill of review | ☐ Employment discharge | ☐ Malpractice/Legal | ☐ Sequestration |
| ☐ Conspiracy | ☐ Expunction | ☑ Malpractice/Medical | ☐ Silicone implant |
| ☐ Contract | ☐ False imprisonment | ☐ Name change | ☐ Tortious interference |
| ☐ Deed restriction | ☐ Foreclosure | ☐ Note | ☐ Trespass |
| ☐ Declaratory judgment | ☐ Forfeiture | ☐ Premises liability | ☐ Workers compensation |
| | ☑ Other  Civil Rights Violation | | |

Has this dispute previously been in the Harris County courts?  ☑ No    ☐ Yes, in the following court: ___
Monetary damages sought    ☐ less than $50,000    ☐ 50,001 - $100,000    ☑ greater than $100,000

Estimated time needed for discovery    ☐ 0-3 months    ☐ 4-6 months    ☐ 7-12 months    ☑ >1 year
Estimated time needed for trial    ☐ 1-2days    ☐ 3-5 days    ☐ 6-10 days    ☑ > 10 days

Are you going to request Level 3 status?    ☐ Yes    ☐ No
If yes, please state your estimate for total hours of deposition per side: _____ and the number of interrogatories needed for each party to serve on any other party: _____

Name of party filing this cover sheet: _____

Signature of attorney or pro se filing cover sheet: _____
Name printed: Brent Slogner
Phone No: 713 222 7211    Bar No: 24038389

FOR COURT USE ONLY:

Track assigned    ☐ Track 1    ☐ Track 2    ☐ Track 3

Court Coordinator _____    Date: _____

For Official Governmental Use Only - Do Not Disseminate to the Public: 43000441 - Page 1 of 1



I, Loren Jackson, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date
Witness my official hand and seal of office
this August 25, 2009

Certified Document Number:    43000441 Total Pages: 1

LOREN JACKSON, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

RECEIPT NUMBER  4761          0.00
TRACKING NUMBER  72437529    CIV

## CAUSE NUMBER  200950135

| | |
|---|---|
| **PLAINTIFF:** CASARZE, AMALIA (INDIVIDUALLY AND AS REPRESENTATIV<br>vs.<br>**DEFENDANT:** HARRIS COUNTY TEXAS | In The   113th<br>Judicial District Court of<br>Harris County, Texas |

### CITATION CORPORATE

**THE STATE OF TEXAS**
**County of Harris**

TO: HARRIS COUNTY TEXAS BY AND THROUGH
ED EMMETT COUNTY JUDGE OF HARRIS COUNTY

1001 PRESTON SUITE 911  HOUSTON TX 77002

Attached is a copy of  PLAINTIFF'S ORIGINAL PETITION

This instrument was filed on the ___6th___ day of ___August___, 20_09_, in the above cited cause number and court. The instrument attached describes the claim against you.

**YOU HAVE BEEN SUED;** you may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of 20 days after you were served this citation and petition, a default judgment may be taken against you.

**TO OFFICER SERVING:**

This Citation was issued under my hand and seal of said Court, at Houston, Texas, this ___6th___ day of ___August___, 20_09_.

Issued at request of:
STOGNER, BRANT JEFFREY
800 COMMERCE ST
HOUSTON, TX 77002
Tel: (713) 222-7211
Bar Number:  24038389

**LOREN JACKSON**, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002
P.O. Box 4651, Houston, Texas 77210

Generated by: DENHAM, MONICA    RUF/E9H/8475239

### OFFICER/AUTHORIZED PERSON RETURN

I received this citation on the __9__ day of __August__, 20 _09_, at __4__ o'clock _P_.M., endorsed the date of delivery thereon, and executed it at _1001 Preston , Ste 911_ , _Houston_ ,
(street address)                    (city)
in _Harris_ County, Texas on the _10_ day of _August_, 20_09_, at _3:05_ o'clock _P_.M., by delivering to _Harris County Texas_ , by delivering to its
(the defendant corporation named in citation)
_Registered Agt / Judge_ , in person, whose name is _Ed Emmett, by leaving with Doug Adkinson_
(registered agent, president, or vice-president)                               _Auth to Accept_
a true copy of this citation, with a copy of the _Plaintiff's Original_ Petition attached.
(description of petition, e.g., "Plaintiffs Original")
and with accompanying copies of _____
(additional documents, if any, delivered with the petition)
I certify that the facts stated in this return are true by my signature below on the _11_ day of _August_, 20 _09_.
FEE: $ _____    By: _____
(signature of officer)
Printed Name: _____

Affiant Other Than Officer _Andrew Espinosa - RAB_    As Deputy for: _____
(printed name & title of sheriff or constable)

On this day, _Andrew Espinosa_ , known to me to be the person whose signature appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited in the return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this ___ day of _August_, 20 _09_

_Christopher Fernandez_
Notary Public
8/20/09

CHRISTOPHER FERNANDEZ
Notary Public, State of Texas
My Commission Expires
October 23, 2012

2009 AUG 20  AM 10: 32

N.INT.CITC.P

For Official Governmental Use Only - Do Not Disseminate to the Public: 43121672 - Page 1 of 2

For Official Governmental Use Only - Do Not Disseminate to the Public: 43121672 - Page 2 of 2

### CAUSE NO. 2009-50135

AMALIA CASARZE

**PLAINTIFF**                                                  **IN THE DISTRICT COURT**
                                                              **HARRIS COUNTY, TEXAS**
**VS.**                                                        **113th JUDICIAL DISTRICT**

HARRIS COUNTY TEXAS

**DEFENDANT**

### AFFIDAVIT OF SERVICE

**BEFORE ME,** the undersigned authority, on this day appeared, **Andrew Espinosa**, personally appeared before me and stated under oath as follows:

1. My name is **Andrew Espinosa**. I am over the age of eighteen (18), I am not a party to this case, and have no interest in its outcome. I am in all ways competent to make this affidavit and this affidavit is based on personal knowledge. The facts stated herein are true and correct. My business address is P.O. Box 3796, Houston, Texas 77253-3796.

2. **ON 08/09/09 @ 4:00 PM –** CITATION CORPORATE AND PLAINTIFF'S ORIGINAL PETITION **CAME TO HAND.**

3. **ON 08/10/09 @ 3:05 PM -** THE ABOVE NAMED DOCUMENTS WERE DELIVERED TO: HARRIS COUNTY TEXAS BY AND THROUGH ED EMMETT, COUNTY JUDGE OF HARRIS COUNTY, BY LEAVING WITH DOUG ADKINSON AUTHORIZED TO ACCEPT AT 1001 PRESTON STREET, #911, HOUSTON, TX 77002, **BY CORPORATE SERVICE.**

**FURTHER AFFIANT SAYETH NOT.**

_____
**Andrew Espinosa**
**ID #454**

    S**WORN TO AND SUBSCRIBED** before me by _Andrew Espinosa_ appeared on this _14_
day of _August_____, 2009 to attest witness my hand and seal of office.

FILED
LOREN JACKSON
DISTRICT CLERK
HARRIS COUNTY, TEXAS

2009 AUG 20  AM 10: 32

BY_____
        DEPUTY

_____
NOTARY PUBLIC IN AND
FOR THE STATE OF TEXAS

CHRISTOPHER FERNANDEZ
Notary Public, State of Texas
My Commission Expires
October 24, 2010



I, Loren Jackson, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date
Witness my official hand and seal of office
this  August 25, 2009

Certified Document Number:    43121672 Total Pages: 2

LOREN JACKSON, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

CAUSE NO. 200950135

| | RECEIPT NO. 4761 | 0.00 | CIV |
| --- | --- | --- | --- |
| | 08-06-2009 | | TR # 72437528 |

PLAINTIFF: CASARZE, AMALIA (INDIVIDUALLY AND AS REPRESENTATIV
  vs.
DEFENDANT: HARRIS COUNTY TEXAS

In The  113th
Judicial District Court
of Harris County, Texas
113TH DISTRICT COURT
Houston, TX

CITATION

THE STATE OF TEXAS
County of Harris

Del
8/26/09

**RECEIVED**
**AUG 27 2009**
**LEGAL COUNSEL**

TO: ORTA, MARLENE NURSE
    1200 BAKER STREET   HOUSTON TX 77002

Attached is a copy of <u>PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE</u>

This instrument was filed on the <u>6th day of August, 2009</u>, in the above cited cause number and court. The instrument attached describes the claim against you.

  YOU HAVE BEEN SUED,  You may employ an attorney.  If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of 20 days after you were served this citation and petition, a default judgment may be taken against you.

TO OFFICER SERVING:
  This citation was issued on 6th day of August, 2009, under my hand and seal of said Court.

<u>Issued at request of:</u>
STOGNER, BRANT JEFFREY
800 COMMERCE ST
HOUSTON, TX 77002
Tel: (713) 222-7211
<u>Bar No.:</u> 24038389

LOREN JACKSON, District Clerk
Harris County, Texas
201 Caroline    Houston, Texas 77002
(P.O. Box 4651, Houston, Texas 77210)

GENERATED BY: DENHAM, MONICA    RUF/E9H/8475239

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock _____ .M., on the _____ day of _____, _____.

Executed at (address) _____ in

_____ County at _____ o'clock _____.M., on the ____ day of _____,

_____, by delivering to _____ defendant, in person, a
true copy of this Citation together with the accompanying _____    copy(ies) of the
                                                     Petition

attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this _____ day of _____, _____.

Fee: $_____

_____

_____ of _____ County, Texas

| Notes Color Key: | Private | Court | Public |
|---|---|---|---|

Case: 200950135 - 7 Type: DMO - DAMAGES (OTHER) Status: Active - Civil Court: 113 FileDt: 8/6/2009
Style: CASARZE, AMALIA (INDIVIDUALLY AND AS REP vs HARRIS COUNTY TEXAS

**Docket Sheet Entries**    ( Add )  ( Save/Group )

Total Items: 0                                                        Note Type Filter:

| Active | Posting Date | Comments | Last Mod User | History |
|---|---|---|---|---|
| | | No Items Found | | |
| | | 1 | | |

**Trial Settings**    ( Add )

| Active | Signed Date | Comments | Last Mod User | Hist |
|---|---|---|---|---|
| | | No Items Found | | |
| | | 1 | | |



STATE OF TEXAS
COUNTY OF HARRIS

I, Loren Jackson, District Clerk of Harris County, Texas certify that
this is a true and correct copy of the original record filed and or recorded
in my office, electronically or hard copy, as it appears on this data.
Witness my official hand and seal of office this

8-25-09

LOREN JACKSON, DISTRICT CLERK
HARRIS COUNTY, TEXAS

_____ Deputy